IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

## STEVE MERRIWEATHER, ET AL. v. DEBRA MERRIWEATHER, ET AL.

### Appeal from the Chancery Court for Shelby County
### No. CH-12-0105-3   James R. Newsom, Chancellor

———————————————————————

### No. W2016-02287-COA-R3-CV

———————————————————————

Because the order appealed is not a final judgment, we must dismiss this appeal for lack of jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

J. STEVEN STAFFORD, P.J.W.S., BRANDON O. GIBSON, J., AND KENNY ARMSTRONG, J.

Appellant Calvin McGlown, pro se.

Appellees Steve Merriweather, Carl D. Merriweather, Jimmie L. Merriweather, and Shawn Merriweather, pro se.

### MEMORANDUM OPINION[1]

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter.  After this review, it appears to the Court that it does not have jurisdiction.  Specifically, we can find nothing in the record reflecting that the trial court adjudicated the claim requesting an accounting for the change in beneficiaries of Rosie Mae Merriweather's life insurance policy, an accounting for any other policy, and an accounting of all funds received during Debra Merriweather's tenure as purported attorney-in-fact, as set forth in the "Complaint for Declaratory Judgment Quieting Title to Real Property and Determining Interests in Real Property and Complaint for Accounting"

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

filed in the trial court on January 23, 2012.

Thus, by Order entered on February 17, 2017, the Court directed Appellant to, within ten (10) days of the entry of that Order, obtain entry of a final judgment in the trial court or else to, within fifteen (15) days from the entry of that Order, show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment. Our Order of February 17, 2017, also provided "[f]ailure to respond to this order within the time provided herein could result in this appeal being dismissed without further notice."

On that same date, the Clerk of this Court transmitted a copy of our Order to Appellant by certified mail, return receipt requested. The Clerk later received the return receipt which was stamped "Return to Sender – Unclaimed – Unable to Forward." As of September 21, 2017, the Clerk had not received a supplemental record containing a final judgment nor had Appellant otherwise responded to our Order of February 17, 2017.

Consequently, on September 21, 2017, the Court entered an Order again directing Appellant to, within ten (10) days of the entry of that Order, obtain entry of a final judgment in the trial court or else to, within fifteen (15) days from the entry of that Order, show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment. The Court also directed the Clerk of this Court to transmit a copy of that Order by both regular mail and by certified mail, return receipt requested.

Appellant filed a response to our Order on October 12, 2017, from which it appears that Appellant requested entry of a final judgment in the trial court. At this time, however, the Clerk of this Court has not received a supplemental record containing a final judgment. It is apparent that the order appealed is not a final judgment. Consequently, this Court lacks jurisdiction and therefore, this appeal must be dismissed.

**Conclusion**

Because the trial court has not yet entered a final judgment, the appeal is hereby dismissed without prejudice and remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this matter are assessed to Appellant Calvin McGlown for which execution may issue, if necessary. **It is SO ORDERED.**

**PER CURIAM**